[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: COLLATERAL SOURCES
In this case, the plaintiffs secured a jury verdict in the amount of $80,990.48. The defendant now seeks to reduce this amount by $13,265.95 representing collateral source payments paid to the plaintiff by her employer Chesebrough-Ponds under a health benefit plan afforded to its employees.
Under Conn. Gen. Stats. 52-225a, it is provided that the court reduce the amount of the award representing economic damages by such payments. The amount awarded for economic damages in this case was $30,990.48, well above the amount being claimed for reduction.
Section 52-225a further provides that there shall be no reduction for a collateral source for which a right of subrogation exists. The plaintiff's employer, Chesebrough-Ponds is claiming such right of subrogation under its employees health benefit plan and has submitted documentary evidence of the employer-employee subrogation agreement.
The defendant, however, relies on Conn. Gen. Stats.52-225c which prohibits persons such as this employer providing collateral source payments from recovering the amount of such CT Page 3158 benefits. It appears, however, that the defendant's reliance on Conn. Gen. Stats. 52-225c is in conflict with the United States Supreme Court's holding in FMC Corp. v. Holiday, 111 S.Ct. 403. In that case, the Supreme Court, on facts comparable to the instant case, held that a Pennsylvania anti-subrogation statute was entirely preempted by the provisions of the federal Employee Retirement Income Security Act ("ERISA"), to which the Chesebrough Health Plan was subject.
This court finds that, likewise, Connecticut anti-subrogation law does not apply.
The issue is found in favor of the plaintiff and that the defendant is not entitled to a reduction under Conn. Gen. Stats.52-225a.
BELINKIE, J. STATE TRIAL REFEREE